UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JACKSON,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                           Case No. 1:12-cv-00489

JAMES ROBERT REDFORD,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on May 15, 2012, against 17th Circuit Court Judge James Robert Redford.  Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement

to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the
> tenet that a court must accept as true all of the allegations contained
> in a complaint is inapplicable to legal conclusions. Threadbare
> recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice. . .Rule 8 marks a notable and
> generous departure from the hyper-technical, code-pleading regime
> of a prior era, but it does not unlock the doors of discovery for a
> plaintiff armed with nothing more than conclusions.  Second, only a
> complaint that states a plausible claim for relief survives a motion to
> dismiss. . .Determining whether a complaint states a plausible claim
> for relief will, as the Court of Appeals observed, be a context-specific
> task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the wellpleaded facts do
> not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" -
> "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), the Court may consider the

complaint and any exhibits attached thereto, public records, and items appearing in the record of the

case.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*,

*Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D.

Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court

may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim

upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield*

*v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the

complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiff appears to be asking this court to interfere with an ongoing criminal matter in the 17th Circuit Court, which this federal court is not permitted to do. *Younger v. Harris*, 401 U.S. 37 (1971).  Evaluated pursuant to the aforementioned standard, the Court concludes that the facts alleged in Plaintiff's complaint, even if accepted as true, "do not permit the court to infer more than the mere possibility of misconduct."  Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date:  May 24, 2012                                            /s/ Ellen S. Carmody
                                                                         ELLEN S. CARMODY
                                                                         United States Magistrate Judge